UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JEROME CAPLETON,                )
           Petitioner           )
                                )
     v.                         ) 05-CV-30217-MAP
                                ) 00-CR-30027-MAP
UNITED STATES OF AMERICA,       )
           Respondent           )

## MEMORANDUM AND ORDER REGARDING PETITIONER'S MOTION PURSUANT TO 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT HIS SENTENCE, MOTION TO CORRECT CLERICAL ERROR, AND MOTION TO AMEND CURRENT PLEADINGS
(Dkt. Nos. 1, 43, 44, & 350)

July 15, 2011

PONSOR, D.J.

### I. BACKGROUND

On September 21, 2000, Petitioner was indicted, along with three co-defendants, for conspiracy to distribute 50 grams or more of cocaine base and four acts of substantive distribution of 50 grams or more of cocaine base. See 00-CR-30027-MAP. On September 26, 2001, after a ten-day jury trial, Petitioner was convicted on all five counts, and on February 20, 2002, he received a sentence of 360 months. His direct appeal, motion for review en banc, and petition for certiorari to the United States Supreme Court were all thereafter unsuccessful.

On September 28, 2005, Petitioner filed the current petition pursuant to 28 U.S.C. § 2255, seeking to vacate,

set aside, or correct his sentence on numerous grounds. One ground for relief was Petitioner's contention that his trial attorney failed to inform him that he had a right to make his own decision as to whether he wished to testify. On May 2, 2008, this court held an evidentiary hearing pursuant to Owens v. United States, 483 F.3d 48 (1st Cir. 2007), at which both Petitioner and his trial counsel offered testimony.

Following the hearing, on July 1, 2008, this court entered a memorandum and order dismissing the petition and ordering entry of judgment for Respondent. (Dkt. No. 28.) The court found that Petitioner's trial counsel, Attorney Alan Black, had informed Petitioner of his right to testify, that Attorney Black "performed more than adequately in all respects," and that the inculpatory evidence presented at trial was "overwhelming." (Dkt. No. 28, Mem. & Order at 4.)

Petitioner appealed, and on November 13, 2009, the First Circuit vacated this court's ruling and remanded the case due to the fact that Petitioner was not represented by counsel at the May 2 hearing. On September 10, 2010, the court held a second Owens hearing, at which Attorney Timothy Watkins appeared for Petitioner. The court again heard testimony from both Attorney Black and from Petitioner himself. Following this hearing, the court instructed

counsel to file briefs supplementing this motion as well as two pro se motions filed by Petitioner just days before the hearing (Dkt. Nos. 43 & 44).

For the reasons that follow, the court will deny Petitioner's motion pursuant to § 2255, will deny Petitioner's pending pro se motions, and will order entry of judgment for Respondent.

## II. DISCUSSION

A. Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct His Sentence (Dkt. Nos. 1 & 350).

At the September hearing, in response to questions by Attorney Watkins, Attorney Black again testified that he spoke to Petitioner "numerous" times before and during trial, in part because Petitioner was "a very actively involved client." (Dkt. No. 45, Tr. 9/10/10, at 55.) Attorney Black observed that many of these conversations involved the issue of whether Petitioner would testify at trial. He stated that they discussed this issue "over and over again" and that this "conversation never ceased to exist until we rested." (Dkt. No. 45, Tr. 9/10/10, at 60, 64.) He ultimately advised Petitioner not to testify, in part because of Petitioner's extensive criminal history, including several drug-related offenses. (Id. at 67.)

Although he conceded that he did not have a specific

recollection of any particular conversation in which he told Petitioner that this decision was his and his alone, Attorney Black flatly denied ever telling Petitioner the opposite -- that is, that the decision was <u>not</u> his to make. (<u>Id.</u> at 71, 75.)  Additionally, Attorney Black specifically remembered Petitioner's response to his advice: "Well, I won't testify then.  You do what you got to do and I'll do what I got to do."  (<u>Id.</u> at 77.)  The conversation stood out in his mind because "[t]hat was the last conversation [we had on the subject], and I remember that clearly." (<u>Id.</u>)

The court finds this testimony entirely credible. Significantly, Attorney Black admitted when his memory failed him, including when asked by the court if he had an independent recollection of telling Petitioner that he controlled the decision whether to testify.  Such a lapse is understandable given that the trial took place nine years prior to the hearing, and it only serves to bolster Attorney Black's credibility.

Petitioner's testimony, by contrast, was not credible. Petitioner stated that Attorney Black refused to let him testify at either the suppression hearing or the trial. (<u>Id.</u> at 26, 35.)  He also testified that Attorney Black refused to meet with him during the week prior to trial

4

because he was "in the hole" and "he said he's not going to see me in the hole," an allegation Attorney Black denied. (Id. at 26.) According to Petitioner, Attorney Black led him to believe that he would be testifying and then, at the last minute, told him, "Look, I'm not going to let you get up there and fuck this up." (Id. at 35.) Considering the witness's demeanor on the stand, his obvious motivation, and the fact that all of his statements were contradicted by Attorney Black, the court affords this testimony little weight.

Accordingly, the court finds that Attorney Black properly advised Petitioner of his right to testify at trial and that Petitioner knowingly and intentionally waived that right. The court need not address at length Petitioner's other arguments, given the limited scope of this remand. (Dkt. No. 40, Capleton v. United States, No. 09-2553 (1st Cir. Nov. 13, 2009) ("We vacate that part of the district court's order dismissing the petitioner's claim that counsel was ineffective in failing to advise the petitioner of his right to testify . . . ."). Instead, the court will simply reiterate its prior holding that Attorney Black's representation of Petitioner was more than satisfactory and that the inculpatory evidence was overwhelming.

B.   Additional Pending Motions (Dkt. Nos. 43 & 44).

Just before the September 2010 hearing on this matter, Petitioner filed two motions pro se: a Motion to Correct Clerical Error (Dkt. No. 43) and a Motion to Amend Pursuant to Rule 15(c) of the Federal Rules of Civil Procedure (Dkt. No. 44). These appear to be efforts to introduce new arguments in support of the § 2255 petition.

At the September hearing, the court invited counsel for Petitioner and the government to file supplemental motions addressing the issues raised in these documents. Petitioner's counsel acknowledged that he had "questions about the substantive viability" of these arguments and that "there are tremendous procedural hurdles." (Dkt. No. 45, Tr. 9/10/10, at 78.) Ultimately, neither side offered supplemental memoranda as to these motions. Again noting the limited scope of this remand, the court finds it unnecessary to address the substance of the new arguments presented in these motions, and the court will deny them accordingly.

### III. CONCLUSION

For the foregoing reasons, Petitioner's Motion to Vacate, Set Aside, or Correct His Sentence (Dkt. Nos. 1 & 350), Motion to Correct Clerical Error (Dkt. No. 43), and Motion to Amend Pursuant to Rule 15(c) of the Federal Rules

of Civil Procedure (Dkt. No. 44) are hereby DENIED, and the petition is hereby DISMISSED.  The clerk will enter judgment for Respondent.  This case may now be closed.

It is So Ordered.

<u>/s/ Michael A. Ponsor</u>
MICHAEL A. PONSOR
U. S. District Judge